UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TODD NOVAK | CIVIL ACTION |
| VERSUS | No. 16-6835 |
| ST. MAXENT-WIMBERLY HOUSE CONDOMINIUM, INC., ET AL. | SECTION: "J"(3) |

## ORDER AND REASONS

Before the Court are the Defendants', Martin Robinson's and Robinson Realty LLC's, *Motion for Summary Judgment* **(Rec. Doc. 126)**, *Motion to Strike Unsworn Declaration of Malcom M. Kelso* **(Rec. Doc. 131)** and *Motion to Reset Hearing* **(Rec. Doc. 173).** Parties have had the opportunity to file their opposition and replies and have done so. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the Movants' Motion for Summary Judgment should be **GRANTED**. Therefore, the Motion to Strike and the Motion to Reset Hearing are **DISMISSED AS MOOT**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation derives from a dispute over the right to lease a condominium the Plaintiffs purchased from Michael and Jenny Tilbury. The Plaintiffs are school teachers residing in California who hoped to buy a French Quarter condo that they could use as a vacation home during summer break, but lease during the regular school year when they would be out-of-state. The Plaintiffs hired the Movants, Martin Robinson and Robinson Realty, LLC, to act as

their real estate agent in making this purchase. Plaintiffs successfully purchased a condo property with the help of the Movants, but their plan to lease the condo was thwarted when the condo's board of directors informed them that the minimum lease length had been extended from six months to one year.

Plaintiffs subsequently filed suit against the condo's board, the board members in their individual capacities, the sellers, the sellers' real estate agent, the insurance companies, and importantly here, their own real estate agent, and real estate agent company, the Movants. Against the Movants, Plaintiffs allege only two (of their total seventeen) causes of action listed in their second amended complaint (Rec. Doc. 53): (1) Movants were negligent for failing to inform Plaintiffs of "the affairs" at the condo complex and its "latent defects" and for failure to ascertain "proper documentation" existed and also (2) Movants participated in a civil conspiracy perpetrated against Plaintiffs by the condo board, sellers' real estate agents, and sellers.

The Movants then filed their Motion for Summary Judgment (Rec. Doc. 126). Plaintiffs responded with opposition (Rec Doc. 128), which cited the unsworn declaration of Malcom M. Kelso (Rec. Doc. 128-3), as the basis for its claims against Movants. Movants responded with their Motion to Strike Unsworn Declaration of Malcolm M. Kelso (Rec. Doc. 131). Plaintiffs filed their opposition to that motion as well (Rec. Doc. 155). Plaintiffs also filed a

reply (Rec. Doc. 176) to Plaintiffs' opposition to their Motion for Summary Judgment.

## **PARTIES' ARGUMENTS**

Movants argue that they are entitled to summary judgment as to both Plaintiffs' negligence and civil conspiracy claims. Movants argue that the negligence claim must fail because Plaintiffs (1) could not identify any documents that Movants failed to obtain on their behalf and (2) conceded they had no factual basis to believe that Movants possessed or withheld knowledge of any defects or managerial affairs from them (Rec. Docs. 124-4, 124-5). In a typical exchange Plaintiff Todd Novak admits the following:

> Q. And then No. 20, no, I'm sorry. No. 200. The allegation is, Robinson Realty and Robinson had knowledge regarding the affairs at St. Maxent, and they did not disclose the same to the Novaks.
>
> A. I don't know what Martin Robinson knew about the affairs of St. Maxent.
>
> Q. And you also circled No. 201. The allegation is, Robinson Realty and Robinson had knowledge regarding the latent defects in the property, and they did not disclose the same to the Novaks.
>
> A. I don't know what Martin Robinson and Robinson Realty were aware of.

Plaintiffs have filed in opposition to Movants' claim that no factual basis exists for the negligence, but that memorandum is

mostly a regurgitation of Plaintiffs' memorandum in opposition (Rec. Doc. 129) to the Tilbury's motion for partial summary judgment (Rec. Doc. 119). In opposition, Plaintiffs complain the depositions were confusing and again allege a duty to turn over certain documents imposed by La. R.S. § 9:1124.107. They also argue Movants had "constructive knowledge" of defects and managerial affairs at the condominium complex. Finally, Plaintiffs cite the declaration of Malcom M. Kelso ("Declaration") as support for a factual basis for their negligence claim.

Movants argue that § 1124.107 is inapplicable to Movants and that the law provides a limited remedy which has been waived. Also, that the declaration should be stricken because Mr. Kelso (Kate Novak's father) has no personal knowledge of Robinson's knowledge. Mr. Kelso only became involved months after the purchase. They argue that Fed, R. Civ. P. 56(c)(4) renders this declaration inadmissible and it therefore must be stricken from the record. In their opposition (Rec. Doc. 155) Plaintiffs return that Mr. Kelso's knowledge is "based upon his detailed investigation into relevant matters after the purchase." Therefore, they argue that the information declared to is within his "sphere of responsibility." Plaintiffs point to the fact that Kelso communicated with the home owner's association's attorney to support this proposition.

4

Movants argue that that the civil conspiracy allegation is subject to summary judgment because Plaintiffs admit no factual basis for that charge as well. Additionally, Plaintiffs rests their civil conspiracy cause of action on the same state law provision:

> Robinson failed to obtain or provide Plaintiffs with documents described in La. R.S. § 9:1124.107. This failure was intentional, and aimed at preventing Plaintiffs from becoming aware of the state of affairs at [the condo complex], including the improper management, deferred maintenance to the common areas and structure, and the failure of the [board] to account for funds—all of which are violations of the By-laws and the LCA.

Movants counter that because a civil conspiracy requires an underlying agreement to commit a tortious act or illegal act the claim must be dismissed. Movants could not have illicitly conspired to circumvent a law they claim is inapplicable to them.

## **LEGAL STANDARD**

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo*

*v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

**DISCUSSION**

**I.**

The Court notes at the outset that a separate Motion to Strike is unnecessary, as a "party may simply object to the material" in their motion for summary judgment. *Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 515 (5th Cir. 2012). The Court will therefore treat Movants' Motion to Strike as an additional objection pursuant to Rule 56(c)(2). If a part of a declaration fails to comply with the personal knowledge requirement, the Court will simply disregard that part. *Akin v. Q-L Investments, Inc.*, 959 F.2d 521, 531 (5th Cir. 1992).

Plaintiffs are correct that "a declaration need not specifically state that it is based on personal knowledge;" however the declaration must still "include enough factual support for a court to determine that its averments were based upon the personal knowledge of the declarant." *Gahagan v. U.S. Citizenship and Immig. Services*, 147 F. Supp. 3d 613, 621 (E.D. La. 2015). Applying this standard, it is clear that Mr. Kelso's conclusory allegation that "Robinson had actual or constructive knowledge regarding the latent defects" is an insufficient basis to withstand summary judgment. (Rec. Doc. 128-2 at 3). The allegation as to Movants' "constructive knowledge" is an obvious "conclusion of law [that]

6

cannot be utilized on a summary-judgment motion." *Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 515 (5th Cir. 2012) (quoting 10B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2738 (3d ed. 2004).

The allegation as to Movants' "actual knowledge" by Mr. Kelso is just as unconvincing, but for the reason that it is clearly mere speculation. This Court assumes for the purposes of this Order that the "post-sale investigation" by Mr. Kelso falls within his "sphere of responsibility." *See DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005). But, the problem is not that Mr. Kelso cannot claim his knowledge is "personal"; it is that he has no basis at all to assert that Movants failed to relay information that they possessed. Nothing in the Plaintiffs' exhibits suggest that Mr. Kelso has any more of an intimate knowledge of the Movants' knowledge or behavior than Plaintiffs themselves and Plaintiffs candidly admit they have no basis for believing Movants withheld information. Thus, these assertions by Mr. Kelso regarding what the Movants knew or may have known must be disregarded by this Court.

## II.

However, even if Plaintiffs cannot show that Movants possessed information that they failed to turn over, Plaintiffs could potentially survive summary judgment if Movants *should* have known information and didn't turn it over. In other words, the

7

question is whether Movants were under a duty to give any information to Plaintiffs and whether Movants failed to do so. Plaintiffs say yes to both, and point to La. R.S. § 9:1124.107. But, § 1124.107 is not applicable to the Movants. That law provides:

> In the event of a resale of a unit by a unit owner other than a declarant, the unit owner shall furnish to a purchaser before execution of any contract to purchase a unit, or otherwise before conveyance, a copy of the declaration other than plats and plans, the articles of incorporation or documents creating the association, the bylaws, and a certificate . . . .

La. R.S. § 9:1124.107(A) (emphasis added). By its own terms, any duty created by the provision is imposed on the seller and not the purchaser's real estate agent. Therefore, that law cannot be the basis for a claim of conspiracy or negligence against Movants for failing to turn over information.

Furthermore, the realtor's basic "duty to relay accurate information about the property," *Cousins v. Realty Ventures, Inc.*, No. 01-1223. (La. App. 5th Cir. 1/14/03), 844 So. 2d 860, 869, is little more than a duty to pass on the information it actually possesses. *See Braydon v. Melancon*, No. 83-1407 (La. App. 1st Cir. 12/28/84), 462 So. 2d 262, 263 (finding no duty breached where realtor informed buyers that property had not flooded, when it in

fact had, because realtor was informed by sellers it had not flooded and realtor had no independent knowledge of flooding). As found in the previous section, Plaintiffs have failed to show with any credible basis that Movants withheld any information they possessed. Therefore, it is clear that there being no material facts in dispute, summary judgment is appropriate.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movants' *Motion for Summary Judgment* **(Rec. Doc. 126)** is **GRANTED**.

**IT IS HEREBY FURTHER ORDERED** that Movants' *Motion to Strike Unsworn Declaration of Malcom M. Kelso* **(Rec. Doc. 131)** and Movants' *Motion to Reset Hearing* **(Rec. Doc. 173)** are **DENIED AS MOOT**.

New Orleans, Louisiana this 26th day of June, 2018.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

9