```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


TODD NOVAK                                    CIVIL ACTION

VERSUS                                        No. 16-6835

ST. MAXENT-WIMBERLY HOUSE                     SECTION: "J"(3)
CONDOMINIUM, INC., ET AL.
```

### ORDER AND REASONS

Before the Court are the *Motion for Summary Judgment* **(Rec. Doc. 117)** and related the *Motion to Reset Hearing* **(Rec. Doc. 174)** submitted by Defendants Thom Beaty and French Quarter Realty, Inc. Parties have had the opportunity to file their respective opposition and reply memoranda and have done so. Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that the Movants' Motion for Summary Judgment should be **GRANTED.** Therefore, the Motion to Reset Hearing is **DENIED AS MOOT**.

### FACTS AND PROCEDURAL BACKGROUND

This litigation derives from a dispute over the right to lease a condominium the Plaintiffs purchased from Michael and Jenny Tilbury. The Plaintiffs are school teachers residing in California who hoped to buy a French Quarter condo that they could use as a vacation home during summer break, but lease during the regular school year when they would be out-of-state. The Plaintiffs hired a real estate agent to represent them and the Tilburys hired the

Movants as their own agent. Plaintiffs' agent and Movants successfully negotiated the sale of the condo property, but the Plaintiffs' plan to lease the condo for nine months was thwarted when the condo's board of directors informed Plaintiffs that the minimum lease length had been extended from six months to one year. Before purchasing the condo, Plaintiffs had it inspected.

Plaintiffs subsequently filed suit against basically everyone involved in the transaction, including their own real estate agent, the Tilburys, and of course the Movants. This Court granted summary judgment in favor of Plaintiff's agent. (Rec. Doc. 177). This Order treads on much of the same ground as that one, but as the relationship between parties is not identical, the Court has tailored its analysis to the instant matter. Plaintiffs allege only two (of their total seventeen) causes of action in their second amended complaint against Movants. (Rec. Doc. 53). Plaintiffs first claim damages due to the negligent misrepresentation by Movants, causing them to be "disallowed from renting" and resulting in their "purchasing a property in a state of managerial disarray, and purchasing a property with latent defects." Plaintiffs' second claim is that Movants participated in a civil conspiracy perpetrated against Plaintiffs by the condo board, the Tilburys, and their own agent.

The Movants then filed their Motion for Summary Judgment. (Rec. Doc. 117). Plaintiffs responded with opposition (Rec Doc. 127), which again relies on the unsworn declaration of Malcom M. Kelso (Rec. Doc. 127-3), as the primary factual basis for their claims against Movants. Movants also filed a reply (Rec. Doc. 127) to Plaintiffs' opposition to the Motion for Summary Judgment and requested oral argument in a Motion to Reset Hearing (Rec. Doc. 174).

## **PARTIES' ARGUMENTS**

Movants argue that they are entitled to summary judgment as to both Plaintiffs' negligent misrepresentation and civil conspiracy claims. Movants cite the depositions of the Plaintiffs as evidence that no factual basis exists for the negligent misrepresentation claim. (Rec. Docs. 117-4, 117-5). Just as Plaintiffs admitted knowing no factual basis for their claims that their own real estate agent had withheld any information from them (Rec. Doc. 177), Plaintiffs admit having no factual basis against Movants. When she was asked whether the Movants disclosed everything they knew, Plaintiff Kate Novak responded "I don't know if they did or did not." (Rec. Doc. 117-5 at 214-15).

Plaintiffs do not respond with record evidence supporting their claim that Movants withheld any information they possessed, but retort that "even if [Movants] did not have actual knowledge about latent defects and gross mismanagement . . . [Movants were]

3

still negligent in failing to provide Plaintiffs with all documents required to facilitate the sale." (Rec. Doc. 127 at 9). For this proposition, Plaintiffs cite a familiar provision of the Louisiana Condominium Act: La. R.S. § 9:1124.107. Movants reply that Plaintiffs cannot prove any damages, reemphasize a lack of factual basis, and argue that § 1124.107 provides a limited remedy which has been waived.

Movants similarly claim that the civil conspiracy cause of action fails for want of an established factual basis. And Plaintiffs again oppose summary judgment with the argument that Movants "intentionally kept [information required by La. R.S. § 9:1124.107] from Plaintiffs in order to mislead them into purchasing the property." (Rec. Doc. 127 at 15) (citing Declaration of Malcom Kelso (Rec. Doc. 127-3)).

## **LEGAL STANDARD**

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo*

4

*v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). "If the dispositive issue, as here, is one for which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *Natl. Am. Ins. Co. v. Melancon*, No. 98-1273, 1999 WL 675421, at *3 (E.D. La. Aug. 31, 1999).

## DISCUSSION

### I. Negligent Misrepresentation

For a plaintiff to recover for negligent misrepresentation in Louisiana, "there must be [1] a legal duty on the part of the defendant to supply correct information, [2] a breach of that duty, and [3] damage to the plaintiff caused by the breach." *Duplechin v. Adams*, 95-0480 (La. App. 1 Cir. 11/9/95); 665 So. 2d 80, 84 *writ denied*, 666 So. 2d 1104 (La. 1996). Although it is not always explicitly listed as an element, Louisiana courts also require a plaintiff to prove *reasonable* reliance on the defendant's alleged misrepresentation. *See id.* (reversing trial court's judgment in favor of plaintiffs because a reasonable person would not rely on the realtor's assertions without further investigation); *see also Melancon*, No. 98-1273, 1999 WL 675421, at *4. A real estate agent has a duty to relay information accurately between the seller and the purchaser. *Smith v. Remodeling Serv., Inc.*, No. 94-589 (La.

App. 5 Cir. 12/14/94); 648 So. 2d 995, 1000. A realtor violates this duty when he or she fails to disclose knowledge of some crucial defect. *Josephs v. Austin*, 420 So. 2d 1181, 1185 (La. App. 5th Cir. 1982), *writ denied*, 427 So. 2d 870 (La. 1983) (finding duty breached where realtor knew, but did not disclose that HUD had discovered a failure in the property foundation and for that reason had rescinded sale to the prior owners).

The Plaintiffs themselves have flatly admitted in depositions that they have no factual basis for their claims that the Movants withheld anything from them. Moreover, as this Court previously found in its order granting summary judgment in favor of Plaintiffs' own real estate agent, the conclusory allegations by Malcolm Kelso of actual or constructive knowledge of defects or managerial affairs are not substantial enough to withstand summary judgment. (Rec. Doc. 177). Thus, Plaintiffs have failed to prove they can meet an essential element must be met at trial: that the realtor's duty to accurately relay information has been breached.

However, Plaintiffs also assert that a special duty to hand over certain documents to purchasers prescribed in La. R.S. § 9:1124.107 has been violated. Plaintiffs cite no case law for the proposition that violation of § 1124.107 gives rise to a claim for damages under a negligent misrepresentation cause of action. The Court now finds that even assuming that § 1124.107 applies to

Movants as the designated agents of the unit owners, that law does not provide the relief that Plaintiffs seek.

Section 1124.107 of the Louisiana Condominium Act requires unit owners reselling condominiums to provide a "certificate" to a purchaser which includes various statements reflecting on the financial health of the home owner's association. Section 1124.107(C) clearly explains the consequences of non-compliance:

> A unit owner is not liable to a purchaser for the failure or delay of the association to provide the certificate in a timely manner; however, the contract to purchase is voidable by the purchaser until a certificate has been provided and for five days thereafter or until conveyance, whichever first occurs.

Thus, § 9:1124.107 serves "to give the purchaser an absolute right to rescind within a certain period of time before closing (the "cooling off" period) regardless of whether or not the [seller] has made adequate disclosure." GARY A. POLIAKOFF, THE LAW OF CONDOMINIUM OPERATIONS § 8:54 (2017) (citing La. R.S. § 9:1124.106).[1] The purpose of the provision is to allow the purchaser a period to become acquainted with the property while the contract is still voidable and also to encourage full disclosure by the seller. *Id.*

---

[1] The Louisiana Condominium Act distinguishes between first time sales and resales of condominiums. La. R.S. § 9:1124.106 applies to first time sales and gives the purchaser 15 days (rather than 5) to cancel the sale after purchaser is given a "public offering statement," unless there has been conveyance.

7

Section 1124.107 makes no reference to damages.[2] The Louisiana legislature apparently concluded that its purpose is achieved without also imposing damages on the seller or seller's agents. If the Legislature intended § 1124.107 as a vehicle for damages it could have explicitly enumerated that remedy, as a model provision in the Uniform Condominium Act does. Unif. Condominium Act § 4-103(a)(11)(ii), 7 U.L.A. 537 (1985) ("[I]f a declarant fails to provide a public offering statement to a purchaser before conveying a unit, that purchaser may recover from the declarant (10) percent of the sales price of the unit."). In fact, the language of § 1124.107(C) discourages the interpretation that it allows any remedy other than a time limited right to void the contract: "A unit owner is not liable to a purchaser for the failure or delay of the association to provide the certificate in a timely manner . . . ." Therefore, the Court concludes that a plaintiff may not seek damages under a negligent misrepresentation theory for a unit seller's non-compliance with La. R.S. § 9:1124.106. There being no dispute to material facts, summary judgment is appropriate as to the negligent misrepresentation claim.

---

[2] La. R.S. § 9:1124.106 does mention damages, but not for failure to deliver disclosure. Rather, it allows damages or rescission for reasonable reliance on a materially false or misleading statement in the public offering statement. La. R.S. § 9:1124.106(C).

8

## II. Civil Conspiracy

Plaintiffs also assert a civil conspiracy among transaction participants, alleging Movants "failed to provide Plaintiffs with a financial certificate, which would have contained information demonstrating managerial disarray and latent defects affecting [the condo complex]." (Rec. Doc. 127 at 16). The civil conspiracy action is rooted in the Louisiana Civil Code, which provides: "He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act." La. C.C. art. 2324. To succeed, a plaintiff must prove "an agreement existed to commit an illegal or tortious act, which act was actually committed, which resulted in the plaintiff's injury, and there was an agreement as to the intended outcome or result." *Curole v. Delcambre*, No. 16-550 (La. App. 3 Cir. 8/2/17); 224 So. 3d 1074, 1082, *writ denied*, 231 So. 3d 652 (La. 2018), and *writ denied*, 231 So. 3d 653 (La. 2018).

In order to succeed on this claim, Plaintiffs must not merely prove that Movants did not disclose documents under § 1124.107, but also that Movants did so willfully and in illicit agreement with the other alleged co-conspirators. *Id.* Once again, Plaintiffs provides no factual basis other than purely speculative allegations. Once again, § 1124.107 grants a limited remedy. Summary judgment is appropriate.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Movants' *Motion for Summary Judgment* **(Rec. Doc. 117)** is **GRANTED**.

**IT IS HEREBY FURTHER ORDERED** that Movants' *Motion to Reset Hearing* **(Rec. Doc. 174)** is **DENIED AS MOOT**.

New Orleans, Louisiana this 28th of June, 2018.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE