UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TODD NOVAK, ET AL.                                        CIVIL ACTION

VERSUS                                                    No. 16-6835

ST. MAXENT-WIMBERLY HOUSE                                 SECTION: "J"(3)
CONDOMINIUM, INC., ET AL.

## ORDER AND REASONS

Before the Court is a *Rule 56 Motion for Partial Summary Judgment* **(Rec. Doc. 139)** submitted by Defendants, Michael Tilbury and Jenny Tilbury, regarding the Plaintiffs' negligent and intentional misrepresentation claims.[1] Plaintiffs, Todd Novak and Kate Novak, have filed a cross *Motion for Partial Summary Judgment Regarding the Negligent and Intentional Misrepresentations of Michael and Jenny Tilbury* **(Rec. Doc. 140)**. The Tilburys also filed a *Motion to Strike Unsworn Declarations and Attachments* **(Rec. Doc. 148)**. Considering the Motions, the record, and the law, the Court finds that the Tilburys' summary judgment motion should be **GRANTED**, the Tilburys' Motion to Strike be **DENIED AS MOOT**, and the Novaks' motion should be **DENIED**.

## FACTS AND PROCEDURAL HISTORY

This case has been subject to extensive—excessive, really—motion practice. This Court summarized the facts of this case in a previous order with reasons (Rec. Doc. 177):

---

[1] This Court granted summary judgment for the Tilburys on the Novaks' claim that the Tilburys violated the Securities and Exchange Act of 1934 in selling their condo in a separate order.

> This litigation derives from a dispute over the right to lease a condominium the Plaintiffs purchased from Michael and Jenny Tilbury. The Plaintiffs are school teachers residing in California who hoped to buy a French Quarter condo that they could use as a vacation home during summer break, but lease during the regular school year when they would be out-of-state. . . . Plaintiffs successfully purchased a condo property with the help of [their realtors], but their plan to lease the condo was thwarted when the condo's board of directors informed them that the minimum lease length had been extended from six months to one year. Plaintiffs subsequently filed suit against the condo's board, the board members in their individual capacities, the sellers, the sellers' real estate agent, the insurance companies, and . . . their own real estate agent, and real estate agent company. . . .[2]

The Court then granted summary judgment for the Novaks' realtor. (Rec. Doc. 177 at 7).

## **STANDARD OF LAW**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be

---

[2] (Rec. Doc. 177 at 1-3), *Novak v. St. Maxent-Wimberly H. Condo., Inc.*, No. CV 16-6835, 2018 WL 3126940, at *1 (E.D. La. June 26, 2018).

satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075.

## **DISCUSSION**

The Court noted in a previous summary judgment order that it would treat arguments set forth in a separate motion to strike as additional objections pursuant

3

to Federal Rule of Civil Procedure 56(c)(2).[3] Again, any part of a declaration that does not derive from personal knowledge will be disregarded by the Court. *See Novak v. St. Maxent-Wimberly H. Condo., Inc.*, No. CV 16-6835, 2018 WL 3126940, at *3 (E.D. La. June 26, 2018) (citing *Akin v. Q—-L Investments, Inc.*, 959 F.2d 521, 531 (5th Cir. 1992)).

## I.

In their first cause of action, Plaintiffs claim that the Tilburys made several negligent misrepresentations because the Tilburys knew of managerial disfunction within the condominium association, St. Maxent, and of certain "latent defects" in the condo building but did not disclose either. For a plaintiff to recover for negligent misrepresentation under Louisiana law, "there must be [1] a legal duty on the part of the defendant to supply correct information, [2] a breach of that duty, and [3] damage to the plaintiff caused by the breach." *Duplechin v. Adams*, 665 So. 2d 80, 84 (La. App. 1 Cir. 1995). In determining the scope of a duty owed "[i]n cases involving a realtor or broker and purchasers, courts have held the realtor or broker has a duty to disclose to purchasers defects of which he has knowledge." *See Nesbitt v. Dunn*, 672 So. 2d 226, 231–32 (La. App. 2d Cir. 1996) (applying this rule of duty in a case where defendant was not acting as a real estate agent). Louisiana courts also generally require a plaintiff to prove reasonable reliance on the defendant's alleged misrepresentation. *See, e.g., id.* (reversing trial court's judgment in favor of plaintiffs

---

[3] (Rec. Doc. 177 at 6).

4

because a reasonable person would not rely on the realtor's assertions without further investigation).

What basis do the Plaintiffs have for their negligent and intentional misrepresentation claims? Asked this question at deposition, the Novaks themselves were nonplussed. They repeatedly replied that they had no personal knowledge of the Tilburys withholding any information and referred questions to their father, Malcolm Kelso.[4] The Tilburys have moved to strike the declaration of Kelso, and as the Court has done previously, the Court will disregard Kelso's declaration as being unsupported by any personal knowledge.[5]

However, unlike Plaintiffs' opposition to other motions for summary judgment, Kelso's declaration is not the only evidence that Plaintiffs cite to. For example, in support of their assertion that the Tilburys knew of mismanagement of the condo building by St. Maxent, Plaintiffs also cite to an e-mail exchange in the record between Jenny Tilbury and Thom Beaty, the Tilburys' real estate agent.[6] Beaty began the exchange by noting that Michael Skinner, a board member at St. Maxent would not let the Novaks see St. Maxent's financial documents. He added near the end, "I'm glad we got you guys out of there!" Tilbury responded, "They ought to sue him. He is required by the by-laws to disclose that information." This e-mail might suggest the Tilburys' knew of the disfunction at St. Maxent and were withholding relevant information if not for the fact that these e-mails are from October of 2015—well after

---

[4] (Rec. Doc. 139-7 at 21-32).
[5] (*See* Rec. Doc. 177 at 7).
[6] (Rec. Doc. 140-11).

5

the Novaks sold the condo. If these e-mails show anything, it is that the Tilburys were not aware of the state of things at St. Maxent until the trouble started for the Novaks.[7]

As to the Tilburys' knowledge of "latent defects," Plaintiffs point to an engineering report from 2011 that was commissioned by St. Maxent that acknowledged various defects, including the possibility that the building might be slowly leaning.[8] This case resembles another decided by the Second Circuit Court of Appeal of Louisiana, *Nesbitt v. Dunn*, 672 So. 2d 226 (La. App. 2d Cir. 1996). In *Nesbitt*, the would-be purchasers of a home alleged that the sellers' failure to disclose an engineering report alleging documenting flaws in the home's foundation amounted to negligent misrepresentation. *Id.* at 231. Finding, that the sellers knew of the report but not its contents, the court affirmed the trial court's judgment that the sellers had not negligently misrepresented anything. *Id.* at 232.

That the condo association received an engineering report is not evidence that the Tilburys—who were never board members at St. Maxent—had possession of the report when they sold their unit in 2015. The Tilburys' uncontroverted testimony is that they provided what documentation they had to their realtor—who served as the point of contact before the act of sale.[9] The Tilburys are not liable for not informing Plaintiffs of the contents of a report they had no knowledge existed. *See id.* ("There is

---

[7] (Rec. Doc. 140-11).
[8] (Rec. Doc. 140-5).
[9] (Rec. Doc. 139-3 at 11-12).

also no evidence that plaintiffs or their attorney even had any knowledge of the contents of the [report] and, thus, any duty to disclose such information.").

In search of some duty the Tilburys violated, Plaintiffs point to La. R.S. 9:1124.107, which requires a condo unit owner to provide certain documents to purchasers. However, the Court has already concluded that a plaintiff may not seek damages under a negligent misrepresentation theory for a unit seller's non-compliance with La. R.S. § 9:1124.106." *Novak v. St. Maxent-Wimberly H. Condo., Inc.*, No. CV 16-6835, 2018 WL 3360957, at *3 (E.D. La. June 29, 2018). Accordingly, summary judgment shall be granted as to the Novaks' negligent and intentional misrepresentation claims.

## II.

Plaintiffs also assert that in entering into the "as is" cash sale agreement, they relied to their detriment on the Tilburys' allegedly false representations in the Property Disclosure Document[10] that there were no defects in the property—and not the representations of their own inspector. The representations that Plaintiffs refer to are checkmarks in the "N" column of the Property Disclosure Document, regarding defects in a list of enumerated condo features, i.e., the roof, the walls, the foundation. Pursuant to La. R.S. 9:3198(E), "a seller is not liable for errors, inaccuracies, or misrepresentations that were not willful misrepresentations," in a Property Disclosure Document. *Stutts v. Melton*, 130 So. 3d 808, 813 (La. 2013). As noted above, Plaintiffs have failed to provide an iota of evidence that the Tilburys willfully

---

[10] (Rec. Doc.114-2 at 12-13). The document was attached as part of the purchase agreement.

<pre>                                                   7</pre>

mispresented anything to the Novaks. Furthermore, Plaintiffs have failed to demonstrate their reliance on the representations as to a lack of defects was reasonable on the facts of this case. Summary judgment is appropriate.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the *Rule 56 Motion for Partial Summary Judgment* **(Rec. Doc. 119)** submitted by Defendants, Michael Tilbury and Jenny Tilbury is **GRANTED**, and Defendants, Michael Tilbury and Jenny Tilbury are **DISMISSED**.

**IT IS FURTHER ORDERED** that the *Motion for Partial Summary Judgment Regarding the Negligent and Intentional Misrepresentations of Michael and Jenny Tilbury* **(Rec. Doc. 140)** submitted by the Plaintiffs is **DENIED**.

**IT IS FURTHER ORDERED** that the *Motion to Strike Unsworn Declarations and Attachments* **(Rec. Docs. 148, 149)** is **DENIED as moot**.

New Orleans, Louisiana, this 2nd day of April, 2019.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE