UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TODD NOVAK, ET AL.                                CIVIL ACTION

VERSUS                                            16-6835

ST. MAXENT-WIMBERLY                               SECTION: "J" (3)
HOUSE CONDOMINIUM,
INC., ET AL.

## ORDER & REASONS

Before the Court are a *Motion for Summary Judgment* **(Rec. Doc. 225)** filed by Intervenor State Farm Fire and Casualty Company ("State Farm"), an opposition thereto (Rec. Doc. 232) filed by Defendants Jenny and Michael Tilbury filed an opposition, and a reply (Rec. Doc. 234) by State Farm. Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the Motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation arises from a dispute over a condominium located at 919 Governor Nicholls Street purchased by Plaintiffs, Todd and Kate Novak, from Defendants Jenny and Michael Tilbury. The Court previously granted summary judgment to the Tilburys on all of Plaintiffs' claims against them.[1] On appeal, the Fifth Circuit reversed summary judgment on Plaintiffs' claims for intentional misrepresentation, negligent misrepresentation, and detrimental reliance. *Novak v. Tilbury*, 815 F. App'x 775, 759 (5th Cir. 2020) (per curiam).

---

[1] (Rec. Docs. 193, 194).

On remand, State Farm intervened seeking a declaratory judgment that it is not required to defend or indemnify the Tilburys under a condominium unit owner's policy (the "Policy") it issued to them for a different property, 632 Pirates Alley, which is not the subject of this dispute. State Farm avers that it has been providing a defense to the Tilburys under a reservation of rights. State Farm now contends that the Policy does not cover the Tilburys for the instant dispute because there was no "occurrence," as defined by the Policy. State Farm's motion for summary judgment is before the Court on the briefs and without oral argument.

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56); *see Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

## **DISCUSSION**

The parties agree that the following is the coverage provision relevant to the instant dispute:

> COVERAGE L – PERSONAL LIABILITY
>
> If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence, we will:
>
> 1. pay up to our limit of liability for the damages for which the insured is legally liable; and
>
> 2. provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages, to effect settlement or satisfy a judgment resulting from the occurrence, equals our limit of liability.[2]

The Policy defines "occurrence" as "an accident, including exposure to conditions, which results in: a. bodily injury; or b. property damage; during the policy period. Repeated or continuous exposure to the same general conditions is considered to be one occurrence."[3] Additionally, the Policy defines "property damage" as "physical damage to or destruction of tangible property, including loss of use of this property."[4]

State Farm contends that the Policy does not provide coverage to the Tilburys with respect to the claims raised by Plaintiffs because there was no "accident" in connection with the act of sale, which is the basis of Plaintiffs' claims, and therefore there was no "occurrence" that triggered coverage.

---

[2] (Rec. Doc. 225-3, at 30-31).
[3] *Id.* at 18.
[4] *Id.*

3

"Under Louisiana law, the insurer's duty to defend is generally broader than its liability for damage claims." *T.H.E. Ins. Co. v. Larsen Intermodal Servs., Inc.*, 242 F.3d 667, 677 (5th Cir. 2001). "'[T]he insurer's duty to defend . . . is determined by the allegations of the injured plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage.'" *Id.* (alterations in original) (quoting *Am. Home Assurance Co. v. Czarniecki*, 255 La. 251, 230 So. 2d 253, 259 (1969)).

In *Lawyer v. Kountz*, 97-2701, p. 8 (La. App. 4th Cir. 7/29/98), 716 So. 2d 493, 496-97, the court considered policy language identical to that at issue here. The plaintiff brought claims for breach of warranty and misrepresentation arising from the act of sale of a residential property, alleging that the property contained redhibitory defects. *Id.* at 497. The defendant-insureds brought third-party claims against their insurers, seeking indemnity and a legal defense against plaintiff's lawsuit. *Id.* at 495. As here, State Farm argued that the act of sale did not constitute an occurrence that would be covered by the policy at issue. *Id.*

The court agreed, stating, "An occurrence is defined as an 'accident' in . . . the State Farm policy. The basis for the demands against defendants is the *sale* of the property, and we fail to consider the sale of residential property to be an 'accident.'" *Id.* at 497. The court further held that "[t]he defects in the property which allegedly existed prior to [the sale] cannot be considered an 'occurrence' sufficient to trigger coverage for plaintiff's demands under the express terms of the homeowner's policies." *Id.*; *accord Brewster v. Hunter*, 09-932, p. 7 (La. App. 5th Cir. 3/9/10), 38 So. 3d 912,

4

917; *Pierce v. Rodriguez*, 17-681, p. 6 (La. App. 3d Cir. 7/18/18), 2018 WL 3479209, at *4 (unpublished).

In opposition, the Tilburys fail to address this line of cases but merely argue that the First Circuit has, on at least one occasion, found that claims for negligent misrepresentation were covered by a homeowner's insurance policy. However, both *Brewster* and *Pierce* involved claims for negligent misrepresentation, and both found such claims were not covered when a plaintiff brought claims for redhibitory defects against an insured. *Pierce*, 2018 WL 3479209, at *4; *Brewster*, 38 So. 3d at 919. The Tilburys also assert that Plaintiffs may be seeking damages for physical damage to and loss of use of the condominium. While physical damage and loss of use may constitute "property damage" under the Policy, the Tilburys fail to explain how this damage could be considered to be caused by an "occurrence" covered by the Policy. Finally, the Tilburys contend that there is no specific exclusion in the Policy for claims in redhibition or based on negligent misrepresentation or detrimental reliance. But as the party asserting coverage, it is the Tilburys' burden to prove coverage, *see Brewster*, 38 So. 3d at 919, and they have failed to do so here.

Therefore, the Court holds that the Policy "unambiguously excludes coverage" of Plaintiffs' claims, *T.H.E. Ins. Co.*, 242 F.3d at 677, because the Tilburys' "alleged failure to disclose the defects in the [condominium] prior to and at the time of the act of sale . . . do not constitute an 'occurrence' under" the Policy, *Brewster*, 38 So. 3d at 917.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that State Farm Fire and Casualty Company's *Motion for Summary Judgment* **(Rec. Doc. 225)** is **GRANTED**.

New Orleans, Louisiana, this 14th day of September, 2020.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE