UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TODD NOVAK, ET AL. | CIVIL ACTION |
| VERSUS | 16-6835 |
| ST. MAXENT-WIMBERLY HOUSE CONDOMINIUM, INC., ET AL. | SECTION: "J" (3) |

## ORDER & REASONS

Before the Court are a *Motion for Summary Judgment* **(Rec. Doc. 227)** and a *Motion to Strike Kate Novak's Unsworn Declaration, Attachments, and Other Exhibits* **(Rec. Doc. 235)** filed by Defendants Jenny and Michael Tilbury. Plaintiffs Todd and Kate Novak oppose the motions (Rec. Docs. 233, 242). Having considered the motions and memoranda, the record, and the applicable law, the Court finds that the Motion for Summary Judgment should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation arises from a dispute over a condominium unit (the "Property") in the St. Maxent-Wimberly House Condominiums ("St. Maxent") purchased by Plaintiffs from Defendants Jenny and Michael Tilbury on March 30, 2015. As relevant here, Plaintiffs allege that the Tilburys failed to disclose several latent defects in the Property, including issues with the roof, walls, plumbing and drainage, electrical, HVAC system, and common areas of St. Maxent.

The Court previously granted summary judgment to the Tilburys on all of Plaintiffs' claims against them.[1] On appeal, the Fifth Circuit reversed summary judgment on Plaintiffs' claims for intentional misrepresentation, negligent misrepresentation, and detrimental reliance. *Novak v. Tilbury*, 815 F. App'x 755, 759 (5th Cir. 2020) (per curiam). The Fifth Circuit held that the Court properly granted the Tilburys summary judgment on Plaintiffs' claims that the Tilburys failed to inform them of alleged "managerial disarray" by St. Maxent's homeowners' association and that the Tilburys failed to provide them with certain documents pertaining to the condominium. *Id.* at 757-58. However, the Fifth Circuit also held that the Court improperly granted summary judgment on Plaintiffs' claims arising from the Tilburys alleged misrepresentation that there were no redhibitory defects in light of the Louisiana Supreme Court's decision in *Valobra v. Nelson*, 14-164 (La. 4/11/14), 136 So. 3d 793 (per curiam). *Id.* at 759. Therefore, the court remanded the case for further proceedings. *Id.*

On remand, the Tilburys again moved for summary judgment. In response to Plaintiffs' opposition to their motion for summary judgment, the Tilburys filed a motion to strike several of Plaintiffs' exhibits. The motions are before the Court on the briefs and without oral argument.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as

---

[1] (Rec. Docs. 193, 194).

2

to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56); *see Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

I. **MOTION TO STRIKE**

The Court noted in prior summary judgment orders that it would treat arguments set forth in a separate motion to strike as additional objections under Federal Rule of Civil Procedure 56(c)(2).[2] Again, any part of a declaration that does not derive from personal knowledge will be disregarded by the Court. *See Novak v. St. Maxent-Wimberly House Condo., Inc.*, No. 16-6835, 2018 WL 3126940, at *3 (E.D. La. June 26, 2018) (citing *Akin v. Q—-L Investments, Inc.*, 959 F.2d 521, 531 (5th Cir. 1992)).

However, to the extent that the Tilburys object that certain documents should be stricken because they are not properly authenticated and therefore are inadmissible hearsay, the Court disagrees. Tellingly, to support their motion, the Tilburys rely on an outdated version of Rule 56, which has since been amended multiple times and was significantly revised in 2010. The current Rule 56(c)(2) provides: "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." FED. R. CIV. P. 56(c)(2). While the Tilburys argue that these exhibits are not admissible in their current form, they do not argue that these documents are incapable of being admissible. The Court finds that this objection lacks merit and therefore will consider these exhibits.

---

[2] (Rec. Doc. 177, at 6; Rec. Doc. 194, at 3-4).

4

## II.   MOTION FOR SUMMARY JUDGMENT

The Tilburys argue that Plaintiffs have failed to submit any competent evidence demonstrating a latent defect at the time of sale. The Court agrees.

Plaintiffs bring claims for intentional misrepresentation, negligent misrepresentation, and detrimental reliance arising from the Tilburys alleged failure to disclose redhibitory defects in the Property prior to the sale. A claim for intentional misrepresentation requires Plaintiffs to establish: "(1) a misrepresentation, suppression, or omission of true information; (2) the intent to obtain an unjust advantage or to cause damage or inconvenience to another; and (3) the error induced by a fraudulent act must relate to a circumstance substantially influencing the victim's consent to (a cause of) the contract." *Shelton v. Standard / 700 Assocs.*, 01-587 (La. 10/16/01), 798 So. 2d 60, 64. Plaintiffs' negligent misrepresentation claim requires them to show (1) "a legal duty on the part of the defendant to supply correct information," (2) "a breach of that duty," and (3) "damage to the plaintiff caused by the breach." *Duplechin v. Adams*, 95-480 (La. App. 1st Cir. 11/9/95), 665 So. 2d 80, 84. Finally, Plaintiffs' detrimental reliance claim requires them to show "(1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance." *Luther v. IOM Co.*, 13-353 (La. 10/15/13), 130 So. 3d 817, 825.

A redhibitory defect is a defect that either (1) "renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect," or (2) "diminishes its usefulness or its value

5

[without rendering the thing totally useless] so that it must be presumed that a buyer would still have bought it but for a lesser price." LA. C.C. art. 2520. A defect is not redhibitory when it is "known to the buyer at the time of sale" or when it "should have been discovered by a reasonably prudent buyer." LA. C.C. art 2521. Additionally, a defect must exist "at the time of delivery" to be redhibitory. LA. C.C. art. 2530.

A buyer may waive the warranty against redhibitory defects if the waiver is clear, unambiguous, and brought to the buyer's attention. LA. C.C. art. 2548. But if the seller "has declared that the thing has a quality that he knew it did not have," thereby intentionally committing fraud, the buyer is not bound by the waiver. *Id.*

Louisiana's Residential Property Disclosure Act requires that sellers of real property answer questions about defects by checking boxes marked "yes" (a defect exists), "no" (a defect does not exist), and "no knowledge" (the seller does not know whether a defect exists). *See* LA. R.S. 9:3198. "A seller shall not be liable for any error, inaccuracy, or omission of any information required to be delivered to the purchaser in a property disclosure document" if the error "was not a willful misrepresentation according to the best of the seller's information, knowledge, and belief." LA. R.S. 9:3198(E)(1).

However, the Louisiana Supreme Court held in *Valobra v. Nelson*, 14-164 (La. 4/11/14), 136 So. 3d 793, 795 (per curiam), that a seller cannot "represent a thing to have no defects in order to procure a waiver of redhibition and then claim that they were not in a position to know whether there were defects or not . . . while using the waiver of redhibition to require the buyer to prove actual knowledge of the defect by

6

the seller." There, the buyers alleged that the sellers failed to advise them that the sellers were not in a position to know whether there were any defects and therefore "misrepresented the degree and quality of their knowledge of the premises" by checking "no" on the property disclosure form rather than "no knowledge." *Id.* at 794. Because the buyers "specifically alleged that the waiver of redhibition was obtained by fraud," the court found that they had stated a cause of action, reversed the exception of no cause of action, and remanded for further proceedings. *Id.* at 795.

On remand, the sellers moved for summary judgment, arguing that the disclosure form was completed truthfully and that the buyers failed to provide any evidence of fraud. *Williams v. Nelson*, 18-207 (La. App. 5th Cir. 12/19/18), 263 So. 3d 466, 471-72, *writ denied*, 19-092, (La. 3/18/19), 267 So. 3d 92. The sellers explained that they were very familiar with the condition of the property at issue because their parents had lived there for many years and their mother, who lived at the property up until the sale, had helped them complete the disclosure form. *Id.* at 475. The sellers further argued that they had not stated that they were not in a position to know whether the property had defects but only that they "had no knowledge of any alleged defects that were not disclosed on the property disclosure form." *Id.* The court of appeal held that the buyers failed to present any evidence of fraud and granted the motion for summary judgment, dismissing the buyers' claims with prejudice. *Id.* at 474, 477.

Thus, the rule created by *Valobra* applies only in a narrow set of circumstances: it applies to a seller who claims to have intimate knowledge of a

7

property but, in fact, does not. *See* 136 So. 3d at 795 ("[A] seller can[not] represent a thing to have no defects in order to procure a waiver of redhibition and then claim that they were not in a position to know whether there were defects or not."). Nevertheless, in the appeal of this matter, the Fifth Circuit expanded this holding by interpreting *Valobra* as allowing "a buyer to bring a claim for redhibitory defects when a seller incorrectly attested that there were no defects on the property disclosure form rather than claiming 'no knowledge' – regardless of whether the seller believed the disclosure to be true." *Novak*, 815 F. App'x at 758-59. The Fifth Circuit perceived *Valobra* as in "apparent tension with § 9:3198(E)," *id.* at 758, but that is only because it read *Valobra* as disregarding the subjective knowledge of the sellers. Rather, the willful misrepresentation in *Valobra* that could make the sellers liable under LA. R.S. 9:3198(E) was their "misrepresent[ation of] the degree and quality of their knowledge of the premises,"[3] not any misrepresentation concerning a specific defect. 136 So. 3d at 794. On remand, the sellers were able to avoid liability because they were able to demonstrate that they had such knowledge and therefore had not made a willful misrepresentation by checking "no" on the property disclosure. *Williams*, 263 So. 3d at 474-75.

However, the Fifth Circuit interpreted *Valobra* as essentially creating strict liability whenever a seller checks "no" on the property disclosure form: "by marking 'no' on their property disclosure form, the Tilburys cannot now rest on their genuine

---

[3] *See also Williams*, 263 So. 3d at 473 ("[The buyers] alleged in their petition that the [sellers] committed fraud due to their failure to check the 'no knowledge' box on the disclosure form and their resulting failure to disclose that they were not in a position to know whether the property contained any defects.").

8

lack of knowledge to avoid any liability for intentional misrepresentation." *Novak*, 815 F. App'x at 759. *But see Williams*, 263 So. 3d at 474 ("[T]he [Residential Property Disclosure Act] requires the seller to disclose 'known defects' to the best of his or her information, knowledge and belief."). The court conflated a complete lack of knowledge such that a reasonable opinion on the condition of the property could not be formed, as alleged by the plaintiffs in *Valobra*, with a lack of knowledge of specific defects, which is not even alleged by Plaintiffs here.[4] In light of the Fifth Circuit's decision, Plaintiffs argue that they need not show that any misrepresentation by the Tilburys was willful to establish their claim for *intentional* misrepresentation, an argument that would otherwise be nonsensical.[5]

While the Court believes the Fifth Circuit erred in its interpretation of *Valobra*, it is bound by it in this matter as the law of the case.[6] *See, e.g.*, *Pondexter v. Quarterman*, 537 F.3d 511, 523 (5th Cir. 2008). Accordingly, the Court turns to Plaintiffs' evidence of the alleged redhibitory defects.

First, the Court notes that as evidence of defects, Plaintiffs provide blanket citations to 120 pages of exhibits.[7] The Fifth Circuit has expressly disapproved of this method. In *Environment Texas Citizen Lobby, Inc. v. ExxonMobil Corporation*, to

---

[4] (Second Supplemental & Amended Complaint, Rec. Doc. 53, at 16 ("[T]he Tilburys had knowledge regarding latent defects in the Property and they did not disclose the same to the Novaks."); *see also id.* at 18; Rec. Doc. 140-3, at 15).

[5] To be clear, Plaintiffs have failed to establish a *Valobra* claim: the Tilburys lived in the Property for two years prior to the sale and had it renovated during that time. (*See* Rec. Doc. 227-3, at 2-3; Rec. Doc. 227-4, at 2). Thus, Plaintiffs cannot show that the Tilburys were not in a position to know whether there were any defects in the Property.

[6] Fortunately, as an unpublished opinion, *Novak* is not binding outside of the instant matter. *See, e.g.*, *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006).

[7] (Rec. Doc. 233, at 8 n.28, 11 n.32 (citing Rec. Docs. 233-5, 233-6, 233-7, & 233-8)).

9

prove an affirmative defense for 97 distinct emissions events, the defendant cited to trial testimony that opined generally that all the relevant statutory criteria were met for each event and referred generally to hundreds of pages of expert reports instead of pinpointing specific pages. 968 F.3d 357, 374 (5th Cir. 2020). The district court held that the defendant failed to meet its burden because it had not identified evidence establishing it met the criteria for each event, and the Fifth Circuit affirmed, explaining that "'[d]istrict court judges are not required to ferret out delectable facts buried in a massive record,'" and that a district court's discretion permits it "to refuse to do litigants' work for them." *Id.* (quoting *Chavez v. Sec'y Fla. Dep't of Corrections*, 647 F.3d 1057, 1061 (11th Cir. 2011)).

Rule 56 requires parties to "cit[e] to *particular parts* of materials in the record." FED. R. CIV. P. 56(c)(1)(A) (emphasis added). Because Plaintiffs failed to do so, the Court need not do their work for them. *See Env't Tex.*, 968 F.3d at 374 ("Judges are not ferrets!").

Throughout this litigation, Plaintiffs have been vague about what defects existed in the Property, and their opposition to the instant motion is no different.[8] Plaintiffs complain of "latent defects to the roof, interior walls . . . , plumbing and drainage issues," "wall damage in the kitchen and bedroom, electrical issues and

---

[8] (*See* Complaint, Rec. Doc. 53, at 18 ("The property inspection solicited by the Novaks after the purchase clearly show [sic] that certain of these areas contained defects.")).This is unsurprising given that the impetus for this litigation was Plaintiffs' inability to use the Property for short-term rentals rather than any alleged defect. *See id.* at 4.

10

HVAC problems," and "defects in the common areas, including the roof, the stairwell in the foyer, the meter room, and the courtyard."[9]

After entering the Purchase Agreement and prior to executing the Act of Sale, Plaintiffs had the Property inspected by Henry & Hatchett on February 24, 2015, who noted only three deficiencies: an open electrical box above the kitchen, a broken GFCI socket in the bathroom, and a door that did not close properly.[10] Obviously, Plaintiffs' claims cannot be based on these defects because they were known to them at the time of sale. *See* LA. C.C. art. 2521. Instead, Plaintiffs attempt to support their claims with three different reports: (1) a report by Gurtler Bros. Consultants, Inc. ("Gurtler"), who inspected the Property on March 30, 2016;[11] (2) a report by Kotter & Associates ("Kotter"), which is dated July 13, 2017, but does not indicate when the inspection actually occurred;[12] and (3) a report by H&H Engineering, Inc., who inspected St. Maxent on May 27, 2011.[13]

To the extent Plaintiffs' evidence of defects consists of inspection reports completed subsequent to their purchase of the Property (i.e., the Gurtler and Kotter reports), the Court finds that Plaintiffs have failed to show any such defect was latent because it was either open and obvious or discoverable upon simple inspection. *See Nesbitt v. Dunn*, 28,240 (La. App. 2d Cir. 4/3/96), 672 So. 2d 226, 234 ("If the defects complained of by the purchaser are apparent, such that the purchaser might have

---

[9] (Rec. Doc. 233, at 4).
[10] (Rec. Doc. 227-14, at 6, 8).
[11] (Rec. Doc. 233-5, at 4).
[12] (Rec. Doc. 233-6, at 1).
[13] (Rec. Doc. 233-8, at 1).

11

discovered them by simple inspection, the purchaser cannot recover. . . . 'Simple inspection' connotes more than casual observance by [the] buyer and requires examination with a view of ascertaining the thing's soundness."). Plaintiffs do not even attempt to explain why any defect discovered by Gurtler or Kotter could not have been discovered by Henry & Hatchett prior to the sale.

Thus, Plaintiffs also cannot show that any alleged defect existed at the time of sale. The Gurtler and Kotter reports are based on inspections that occurred, at a minimum, at least one year after the sale of the Property, well outside the three-day presumptive period created by the Civil Code. *See* LA. C.C. art. 2530. Additionally, Plaintiffs do not argue that the nature of the defects supports an inference that they existed at the time of the sale. *See id.* rev. cmt. c. Further, in an addendum dated May 10, 2019, the Gurtler report noted, with respect to paneling in one of the common areas, that "the deficiencies in the hallway did not exist to the degree they exist now in August of 2015,"[14] five months after Plaintiffs purchased the Property.

The report by H&H Engineering is the only evidence offered by Plaintiffs that predates the sale. Plaintiffs contend that this report establishes that there was water penetration in the ground floor and that the entire building was shifting. However, the report specifically states that the inspectors "decided to forego investigation of the lower level water penetration into the walls (at least until we solve the upper level water penetration problems we found on May 27th)."[15] Additionally, Defendant Michael Skinner testified that this issue had been repaired prior to the Tilburys'

---

[14] (Rec. Doc. 233-5, at 45).
[15] (Rec. Doc. 233-8, at 1).

purchase of the Property in 2013.[16] Regarding the shifting foundation, the report specifically did not draw any conclusions on this issue; it merely recounted that the owners of St. Maxent "believe the entire front building . . . is slowly shifting sideways" and recommended that they hire a professional surveyor "[i]n order to verify if the building is in fact shifting."[17] Accordingly, Plaintiffs have failed to present competent evidence that the Property had any redhibitory defects at the time of sale.

While the foregoing resolves Plaintiffs' negligent misrepresentation and detrimental reliance claims as well, the Court finds it prudent to clarify that the negligent misrepresentation claim also fails as a matter of law because it is brought against a seller and is based solely on the property disclosure form.[18] This claim is barred by LA. R.S. 9:3198(E), which provides: "A seller shall not be liable for any error, inaccuracy, or omission of any information required to be delivered to the purchaser in a property disclosure document if . . . [t]he error, inaccuracy, or omission was not a *willful* misrepresentation according to the best of the seller's information, knowledge, and belief." LA. R.S. 9:3198(E)(1) (emphasis added). The Louisiana Supreme Court has explained that this statute "specifically except[s] from liability a seller who makes an error or omission that is not a willful misrepresentation." *Stutts v. Melton*, 13-557 (La. 10/15/13), 130 So. 3d 808, 813.

Plaintiffs have not presented any authority that allows them to bring a negligent misrepresentation claim against a seller for an inaccurate property

---

[16] (Rec. Doc. 233-11, at 9-11).
[17] (Rec. Doc. 233-8, at 3).
[18] (*See* Rec. Doc. 233, at 12).

13

disclosure form. *Cf. Connell v. Davis*, 06-9 (La. App. 5th Cir. 10/17/06), 940 So. 2d 195, 205 ("A purchaser's remedy *against a realtor* is in damages for fraud . . . or for negligent misrepresentation." (emphasis added)). *Valobra* is inapposite because it concerned only intentional misrepresentation. *See* 136 So. 3d at 794; *see also Williams*, 263 So. 3d at 473. Likewise, the Fifth Circuit's opinion on this issue spoke only to "intentional misrepresentation." *Novak*, 815 F. App'x at 759. Accordingly, Plaintiffs' negligent misrepresentation claim fails as a matter of law, irrespective of whether Plaintiffs had submitted competent evidence of redhibitory defects.

Finally, Plaintiffs' detrimental reliance claim also fails because they cannot show that they justifiably relied on the property disclosures. The Act of Sale declared:

> Purchaser acknowledges and declares that neither vendor nor any party whomsoever, acting or purporting to act in any capacity whatsoever on behalf of vendor, has made any direct, indirect, explicit or implicit statement, representation or declaration, whether by written or oral statement or otherwise, and upon which purchaser has relied, concerning the existence or non-existence of any quality, characteristic, or condition of the property.[19]

Plaintiffs argue, without authority, that because the property disclosures were attached to the Purchase Agreement and the Purchase Agreement was attached to the Act of Sale, the above-quoted language only "is in reference to representations made beyond the scope of the documents themselves."[20] This is incorrect. LA. R.S. 9:3198(D) specifically provides that "a property disclosure document is not a warranty and is not part of any contract between the buyer and seller." *Murray v. Bostwick*, 52,802 (La. App. 2d Cir. 8/14/19), 276 So. 3d 1120, 1127. The language of the contract

---

[19] (Rec. Doc. 227-8,
[20] (Rec. Doc. 233, at 15).

14

clearly and explicitly applies to "any . . . representation," and the Court must interpret this language as written. *See* LA. C.C. art. 2046. Therefore, Plaintiffs cannot show that they reasonably relied on the property disclosures. *See Murray*, 276 So. 3d at 1126.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Jenny and Michael Tilbury's *Motion for Summary Judgment* **(Rec. Doc. 227)** is **GRANTED**, and Plaintiffs' claims against them are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants' *Motion to Strike* **(Rec. Doc. 235)** and *Motion to Expedite* **(Rec. Doc. 236)** are **DENIED AS MOOT**.

New Orleans, Louisiana, this 5th day of October, 2020.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE